# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-30872
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlsel Alexander,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CR-90-1

———————————————————————

Before Dennis, Ho, and Oldham, *Circuit Judges*.

Per Curiam:*

Defendant Carlsel Alexander pleaded guilty, without a plea agreement, to possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). Over Alexander's objection, the district court imposed a within-guidelines sentence of thirty-three months of imprisonment. Alexander timely filed a notice of appeal.

———————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30872

At the district court and on appeal, Alexander contests the district court's application of United States Sentencing Guidelines § 2K2.1(a)(4)(B), which provides for a base offense level of twenty when the offense involves a semiautomatic firearm capable of accepting a large capacity magazine. Alexander argues that the definition of a "large capacity magazine" provided in the commentary to § 2K2.1 should not be entitled to deference. *See* § 2K2.1, cmt. n.2. He further asserts that the commentary violates the principle of separation of powers. In addition to his challenge to the district court's application of § 2K2.1(a)(4)(B), Alexander also asserts, for the first time on appeal, that § 922(g)(1) is unconstitutional in light of *New York State Rifle & Pistol Ass'n*, *Inc. v. Bruen*, 597 U.S. 1 (2022).

This court reviews a district court's interpretation of the Sentencing Guidelines de novo, *United States v. Vargas*, 74 F.4th 673, 679 (5th Cir. 2023) (en banc), *cert. denied*, 144 S. Ct. 828 (2024), and reviews unpreserved challenges for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Soza*, 874 F.3d 884, 896–97 (5th Cir. 2017).

Our court recently addressed Alexander's first challenge about whether it is proper to accept the Sentencing Guidelines' commentary defining "large capacity magazine" in *United States v. Martin*, 119 F.4th 110 (5th Cir. 2024). We found that reliance on the commentary was not error because "adhering to the commentary does not cause one to 'violat[e] the dictates' of the Guidelines' prohibition against large capacity magazines." *Id.* at 414–15 (citing *Stinson v. United States*, 508 U.S. 36, 42 (1993)). Second, with respect to Alexander's argument that § 922(g)(1) facially violates the Second Amendment, our precedent forecloses his facial challenge to the constitutionality of § 922(g)(1). *United States v. Diaz*, 116 F.4th 458, 471 (5th Cir. 2024) (holding that § 922(g)(1) is constitutional in at least one application); *see also United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir.

No. 23-30872

2023), *cert. denied*, 144 S. Ct. 1081 (2024). Because both of Alexander's challenges are foreclosed, we AFFIRM.